UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. No. 00-745 (TFH) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, <u>et al.</u>, ) | FILED |
| ) | |
| Defendants. ) | FEB 1 2 2001 |
| | NANCY MAYER WHITTINGTON CLERK |
| | U S DISTRICT COURT |

## MEMORANDUM OPINION

This case involves a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, dispute. Although joined in one complaint, this action involves three separate FOIA requests. The instant matter comes before the Court on Motions for Summary Judgment, brought by defendants, the Executive Office of the United States Attorneys ("EOUSA") and the Office of Information and Privacy ("OIP"), on behalf of the United States Department of Justice ("DOJ"). Defendant, the Federal Bureau of Investigation ("FBI"), has also filed a Motion for Summary Judgment but this matter is not yet ripe and is not addressed in this opinion. Upon careful consideration of defendants' Motions, plaintiff's oppositions, defendants' replies, and the entire record herein, the Court concludes that defendant EOUSA has not adequately shown that the privacy interests implicated outweigh the public interest in the requested information. Therefore, the Court will deny EOUSA's Motion for Summary Judgment with respect to the withholdings under FOIA exemptions 6 and 7. However, since it appears that plaintiff has not exhausted his administrative remedies with respect to EOUSA's withholdings, the Court will dismiss the claims against the EOUSA without prejudice. In addition, the Court finds insufficient evidence in the record to



AO 72A
(Rev 8/82)



support plaintiff's fee-waiver request and will thus uphold the OIP/DOJ decision to deny plaintiff a fee-waiver at this time. However, the Court will deny the fee-waiver request without prejudice, and plaintiff may refile its request if it can provide more concrete documentation of its proposed plan for using this information and how this plan would qualify plaintiff as a news media organization.

## I. BACKGROUND

Plaintiff, Judicial Watch Inc., filed the instant Complaint on June 7, 2000. Plaintiff had requested the production of certain documents from each of the defendants, the DOJ, the FBI and the EOUSA, on September 2, 1999, via a FOIA request. The information sought concerns the Fuerzas Armadas de Liberacion National ("FALN"), Los Machertos, President William Jefferson Clinton ("President Clinton") and Hillary Rodham Clinton ("Mrs. Clinton"). Specifically, plaintiff requested any information concerning the commutation of sentences of prisoners from either FALN or Los Machertos, any clemency reports regarding President Clinton's pardoning of these prisoners and records of any political factors involved in these pardons, especially where linked to Mrs. Clinton's senatorial aspirations. Plaintiff contends that it has the right to access all requested documents pursuant to FOIA.

### A. The EOUSA Request.

In response to plaintiff's FOIA request, defendant EOUSA determined that it might possess responsive records at the United States Attorneys Office for the District of Connecticut and the United States Attorneys Office for the Northern District of Illinois, and consequently, contacted both offices to determine if any records existed but did not require that these offices produce any responsive documents at that time. See Notice of Filing of Corrected Declaration of EOUSA at 2.

EOUSA contends that it has completed a "partial search" for responsive documents, and as a result, determined that responsive documents fell into two categories: public documents and third party documents. EOUSA alleges that any third party documents cannot be produced until plaintiff submits required third party permission, which plaintiff has not done. See Def. EOUSA Reply at 4-5.

On September 2, 1999, EOUSA alleged that it requested from plaintiff documents containing: authorizations and third-party consent; proof that the third-parties were deceased; a demonstration that the public interest in disclosure outweighed the involved personal privacy interests; or any significant public benefit that would result from the disclosure. Id. at 4. Defendant EOUSA contends that plaintiff has never supplied these documents. Id. at 5.

In addition, EOUSA contends that it informed plaintiff that plaintiff need only request public documents and these documents would be produced, and that plaintiff has not yet done so. Id. EOUSA contends that a more comprehensive search is not required, pursuant to FOIA exemptions 5 U.S.C. § 552(b)(6) and (b)(7)(C), unless plaintiff responds to the above requests. Id.

**B. The DOJ Request**

On September 21, 1999 the OIP, acting on behalf of the DOJ, denied plaintiff a fee waiver, determining that plaintiff did not qualify as a representative of the news media as required under the Freedom of Information Reform Act of 1986 ("FIRA"). Plaintiff filed an administrative appeal of this decision with the OIP on November 22, 1999.

OIP contends that it has searched for responsive documents, and responded to plaintiff's FOIA request by forwarding to the Office of the Pardon Attorney thirty-one documents, totaling thirty-nine pages for review, which were forwarded to plaintiff in their entirety on June 5, 2000;

AO 72A
(Rev 8/82)

and on June 27, 2000 producing eight documents, totaling fourteen pages which were sent directly to plaintiff. Defendant OIP contends that it has produced all responsive documents and has filed a Motion for Summary Judgment, citing <u>Weisberg v. United States Dept. of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980) for the proposition that summary judgment is appropriate when an agency has established that each responsive document was produced or is exempt from production.

**C. Requested Remedy**

Plaintiff requests that this Court (1) declare that defendant EOUSA's refusal to produce the requested documents is unlawful and order production; (2) grant plaintiff's requested fee waiver concerning the DOJ request; and (3) award plaintiff costs and reasonable attorney's fees.

Before this Court are Motions for Summary Judgment filed by EOUSA and by the OIP, on behalf of the DOJ. The EOUSA claims that: (1) plaintiff lacks subject matter jurisdiction in this matter because it has not exhausted all required administrative remedies; and (2) that the EOUSA properly claimed FOIA exemptions, and consequently, no records have been improperly withheld.

The OIP claims that: (1) plaintiff lacks subject matter jurisdiction in this matter because it has not exhausted all required administrative remedies; (2) plaintiff does not qualify for a duplication fee pursuant to 5 U.S.C. § 552(a)(4)(A); and (3) the OIP has conducted an adequate search and has produced all responsive documents.[1]

---

[1] Plaintiff does not contest OIP's assertion that it has conducted an adequate search and has produced all responsive documents. <u>See</u> Plaintiff's Opp. to Def. OIP's Motion for Summary Judgment (devoted exclusively to fee issue). Since plaintiff does not contest the sufficiency of OIP's search and production and since the record reflects that the search and production were adequate and comported with the law, OIP/DOJ's Motion for Summary Judgment will be granted with respect

## II. APPLICABLE LEGAL STANDARD

FOIA is designed to promote the disclosure of information. See Charles River Park "A", Inc. v. Dept. of Housing and Urban Development, 519 F.2d. 935, 941 (D.C. Cir. 1975). FOIA is to be construed with a view toward disclosure, not secrecy, and consequently, exemptions are not to be read broadly. See Department of Air Force v. Rose, 425 U.S. 352, 361 (1976). There are, however, exceptions to the general policy of disclosure. These exceptions have been codified in the FOIA statute and are construed restrictively in favor of disclosure.

In a FOIA action, "summary judgment is appropriate when the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Judicial Watch Inc., v. U.S. Dept. of Commerce, 90 F. Supp. 2d 9, 12 (D.D.C. 2000). In reviewing a motion for summary judgment under FOIA, the Court must conduct a de novo review of the agency's denial of the request. See 5 U.S.C. § 552(a)(4)(B). The burden is upon the agency to show that each denial is proper. See Judicial Watch of Florida v. U. S. Dept. of Justice, 102 F. Supp. 2d 6, 10 (D.D.C. 2000). This Court has held that in "a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" Czeck v. Bureau of Alcohol, Tobacco and Firearms, 2000 WL 1358685 (D.D.C. 2000) (quoting

---

to the adequacy of the search and production of responsive documents. The remainder of this Opinion with regard to the OIP/DOJ Motion will focus exclusively on the fee-waiver issue.

Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).

### III. DISCUSSION

**A. EOUSA Motion for Summary Judgment**

The EOUSA alleges that it has turned over all responsive documents that are not protected under FOIA exemptions 6 and 7(C). When an agency declines to produce documents requested via FOIA, the agency must demonstrate that the claimed exemptions apply. 5 U.S.C. § 552(a)(4)(B).

1. Exemption U.S.C. § 552 (b)(6); personal privacy

FOIA exemption 6 exempts from disclosure matters that include "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" is "broadly defined to include any Government records on an individual which can be identified as applying to that individual." Judicial Watch of Florida, 102 F. Supp. 2d at 16 (quoting U.S. Dept. of State v. Washington Post Co., 456 U.S. 595, 601-02 (1982)).

The EOUSA carries the burden of persuading the Court that an exemption is appropriate. New York Times Co. v. N.A.S.A., 852 F.2d 602, 603 n. 11 (D.C. Cir. 1988). The Court must first ascertain whether the responsive documents qualify under exemptions 6 as: personnel; medical; or similar. Id. EOUSA credibly asserts that the information is retrievable by an individual identifier and is consequently qualified under the term "similar files." See Def. EOUSA's Reply at 5. Once the Court establishes the applicability of exemption 6, the Court must determine if the information applies "'to a particular individual' and is 'personal' in nature." Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 36 (D.D.C. 2000) (quoting New York Times Co., 952 F.2d at 606). After this determination, the Court must weigh

the privacy interests in nondisclosure against the public interest in disclosure. See <u>Judicial Watch of Florida</u>, 102 F. Supp. 2d at 16.

In this case, the records clearly relate to specific individuals. Plaintiff is seeking information relating to the release of particular federal prisoners via presidential pardon. Therefore, the Court will uphold the EOUSA's determination that these documents would fall within exemption 6. However, the EOUSA has failed to demonstrate that disclosure of this information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In <u>Department of Air Force v. Rose</u>, the Supreme Court recognized that the protection of exemption 6 is not determined merely by the nature of the file in which the requested information is contained: "Congressional concern for the protection of the kind of confidential personal data usually included in a personnel file is abundantly clear. But Congress also made clear that nonconfidential matter was not to be insulated from disclosure merely because it was stored by an agency in its 'personnel' files." <u>Rose</u>, 425 U.S. 352, 371-72 (1976). If no privacy interest is at risk, or if there is merely a speculative rather than a substantial probability that disclosure will cause an interference with personal privacy, then the FOIA compels disclosure. <u>National Assoc. of Retired Federal Employees v. Horner</u>, 879 F.2d 873, 877 (D.C. Cir. 1989). In this case, the EOUSA has failed to demonstrate that the FALN and/or Los Macheteros prisoners at issue have any privacy interests at risk from disclosure of the responsive documents, or that, if they do, the privacy interests are substantial and not merely speculative. Moreover, the EOUSA has not demonstrated that any alleged invasion of personal privacy would be clearly unwarranted. Therefore, under these circumstances, the EOUSA has not provided sufficient information to justify its invocation of FOIA exemption 6. Accordingly, their Motion for Summary Judgment with respect to the documents withheld pursuant to this exemption is denied.

### 2. Exemption U.S.C. § 552 (b)(7)(C); compiled for law enforcement purposes

Exemption 7(C) exempts from disclosure those materials that are, "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." U.S.C. § 552(b)(7)(C). To properly withhold information under this exemption, the agency must have compiled the withheld information for law enforcement purposes. If that is demonstrated, the agency must then show that the privacy interest in nondisclosure outweighs the public interest in disclosure. Western Center for Journalism v. Internal Revenue Service, 116 F. Supp. 2d 1, 12 (D.D.C. 2000). In this case, even if the EOUSA is able to show that the responsive documents were compiled for law enforcement purposes, it has not established that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy" that outweighs the public interest in disclosure. Linn v. U.S. Dep't of Justice, 1995 U.S. Dist. 12935, at *16-17 (D.D.C). Plaintiff here is seeking information on the FALN and/or Los Macheteros prisoners to determine the basis upon which the Clinton-Gore administration granted them clemency. See Pl's Opp. at 5. Not only do prisoners have limited expectations of privacy, see, e.g., United States v. Amen, 831 F.2d 379-80 (2d Cir. 1987); Best v. District of Columbia, 1991 U.S. Dist. LEXIS 5435, at *5-11 (D.D.C.), but these pardoned prisoners have arguably become public figures through their well-publicized pleas for clemency and the speeches some have made since their release. The presidential pardons have been highly public as well as controversial events, which clearly implicate the public interest's in knowing and understanding the activities of the federal government. Therefore, because the EOUSA has failed to demonstrate that the privacy interests of these individuals outweigh the public interest in disclosure, the Court will deny the EOUSA's Motion

for Summary Judgment with respect to the withholdings under exemption 7.

### 3. Lack of Administrative Exhaustion

EOUSA contends, and plaintiff does not deny, that plaintiff has not administratively appealed EOUSA's decision to assert FOIA exemptions 6 and 7(C). See Defendant EOUSA Motion for Summary Judgment at 6. As defendant EOUSA correctly asserts, exhaustion of administrative remedies is required in FOIA cases before a litigant may seek judicial action. See Dettmann v. U.S. Department of Justice, 802 F.2d 1472 (D.C. Cir. 1986). Since, there is no evidence in this case that plaintiff has exhausted its administrative remedies with respect to the EOUSA's withholdings under exemptions 6 and 7(C), the Court will dismiss plaintiff's claims with respect to these withholdings without prejudice.

### B. OIP/DOJ Motion for Summary Judgment

#### 1. Administrative Remedies

Defendant OIP, on behalf of the DOJ, contends that plaintiff has failed to exhaust its administrative remedies by refusing to pay the assessed fees required by FOIA for document production. See Defendant OIP's Reply at 1. Plaintiff did, however, file an appeal of the agency decision denying the requested fee waiver on November 22, 1999. See Pl's Opp. to Def. OIP's Motion for Summary Judgment at 2. This request was denied by the OIP on July 12, 2000. The Court, consequently, finds that plaintiff properly exhausted its administrative remedies with respect to the fee-waiver decision and thus that this Court has subject matter jurisdiction to hear this claim.

#### 2. Fee-Waiver

The Court reviews fee-waiver decisions de novo, provided that the review is limited to the record before the agency. See Judicial Watch, Inc. v. U. S. Dept. of Justice, 122 F. Supp. 2d

13, 15 (D.D.C. 2000). Plaintiff contends that the OIP erred in denying Judicial Watch, Inc. a fee-waiver or a reduced fee arrangement as enumerated under FIRA. See 5 U.S.C. § 552(a)(4)(A) (1982 and Supp. IV 1986).

### a. Legal standard.

The FIRA amended FOIA to allow the waiver of certain document production fees. See FIRA of 1986, Pub. L. No. 99-570, § 1804(b)(1), 100 Stat. 3205-50. FIRA mandates that documents should be furnished without charge or at a reduced charge, "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A) (1982 and Supp. IV 1986). In addition, FOIA states that "each agency shall promulgate regulations. . . specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced." 5 U.S.C. § 552(a)(4)(A)(i). The DOJ and EOUSA have promulgated such regulations.

Plaintiff asserts that it is not required to pay the costs associated with gathering and duplicating the materials that it has requested from any of the three defendants. This Circuit has held that an agency may properly charge a FOIA requester a fee sufficient to recover "the cost of searching for documents within the scope of the request; the 'direct' cost of initially reviewing any documents unearthed by the search in order to determine whether they are disclosable; and the cost of duplicating the documents that are disclosed." National Security Archive v. Dept. of Defense, 880 F. 2d 1381, 1382 (D.C. Cir. 1989). In order to receive a waiver, the requester must satisfy a two-part test, showing that: "the information [(1)] is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the

government and [(2)] is not primarily in the commercial interest of the requester."[2] 5 U.S.C. § 552(a)(4)(A)(iii). Plaintiff contends that the information requested from all three defendants is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not in the commercial interest of the plaintiff. See Complaint at 4.

In addition, if a requester has been denied a fee-waiver, it is possible for a requester to qualify for an exception to the fee-waiver test and be assessed only for the costs of duplication rather than the typical costs involved in a document search. One recognized exception under FIRA is if the requester is classified as a member of the "news media." This Circuit has defined a representative of the news media as "in essence, a person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." National Sec. Archive, 880 F.2d at 1381.

**b. DOJ test.**

The OIP denied plaintiff's fee-waiver request after a determination that the disclosed materials will not significantly contribute to the public's understanding of the operations and activities of the government, and consequently, did not fulfill the first prong of the two-part test. See Defendant OIP's Reply. The DOJ promulgated a four-factor test, in response to the FIRA requirement, to address the first prong of the fee-waiver test.

---

[2] In order to carry its burden, plaintiff must satisfy both prongs of the fee-waiver test. See S.A. Ludsin & Co. v. U.S. Small Business Admn., 1997 WL 337469, at *4 (S.D.N.Y. 1997).

-11-

*1. Operations of activities of the government*

The first part of the four-part test requires that the requester identify, with reasonable specificity, the public interest to be served by revealing the requested documents and identify the "direct and clear" connection between the requested documents and public interest that disclosure of the documents would serve. See 28 C.F.R. § 16.11(k)(2)(i) (1999). In this case, plaintiff asserts no connection, other than that "information that exposes government activity that is contrary to the rule of law will contribute significantly to the public's understanding of the operations and activities of government." Pl's Opp. to Def. OIP's Motion for Summary Judgment at 6. This type of general statement is not specific enough to fulfill this prong of the test. See Judicial Watch, Inc. v. U.S. Dept. of Justice, 122 F. Supp. 2d at 17.

*2. Information likely to contribute to public understanding*

The second factor requires that the information requested be "meaningfully informative about government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities." 28 C.F.R. § 16.11(k)(2)(ii) (1999). Plaintiff has presented no evidence that the information sought concerning these federal prisoners, Mrs. Clinton's senatorial aspirations and the pardon of these prisoners is likely to contribute to increased understanding of governmental operations. Instead, plaintiff has stated that the purpose of Judicial Watch, Inc. is to "expose government activities that are contrary to the law." Def. OIP's Reply at 5. This does not supply the Court with any specific indication as to how this information will contribute to an increased public understanding of the government and is not sufficient to meet the burden placed on fee-waiver requesters. See Judicial Watch, Inc. v. U.S. Dept. of Justice 122 F. Supp. 2d at 17-18.

-12-

### 3. Increased public understanding

The third factor requires that the Court determine whether disclosure of the requested documents will "contribute to the understanding of a reasonably broad audience of persons interested in the subject." 28 C.F.R. § 16.11(k)(2)(iii) (1999). Plaintiff has failed to identify any plan to use this specific information. Instead, plaintiff declared generally that it intends to publish works at some future time, "using information gleaned from requests like the one at issue here." Def. OIP's Reply at 9. The link between the information requested here and the possibility that plaintiff will eventually publish it in some future work that will contribute to the understanding of a reasonably broad audience is too attenuated. See Judicial Watch, Inc. v. U.S. Dept. of Justice, 122 F. Supp. 2d at 18 ("a requester who does not give specifics regarding a method of disseminating requested information will not meet this factor, even if the requester has the ability to disseminate information").

### 4. Significant contribution

The final factor requires the consideration of "[w]hether the disclosure is likely to contribute 'significantly' to public understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(iv) (1999). Plaintiff does not explain how the disclosure of the requested information is likely to enhance the public understanding of government operations as compared to the public understanding prior to disclosure. Plaintiff does state that "[c]learly, information that exposes government activity that is contrary to the rule of law will contribute significantly to the public's understanding of the operations and activities of government." Def. OIP's Reply at 6. Plaintiff, however, has not provided any specific information that is believed to be contrary to the rule of law.

Although plaintiff asserts that the requested records will inform the public about a

-13-

specific government operation or activity, plaintiff does not give any concrete example of this contention. Plaintiff's lack of specificity makes it impossible to determine whether disclosing the requested information will in fact significantly contribute to public understanding of that activity or operation. Viewing the four-part analysis in its totality, this Court has determined that plaintiff has not adequately met its burden of showing that the professed intended use of the requested information rises to the level necessary to pass the public-interest prong of the two-part test to determine if a fee-waiver is appropriate.

OIP does not challenge plaintiff's contention that plaintiff has no commercial interest in the information sought. See Def. OIP's Reply at 10. There is, however, no need for the Court to address this second aspect of the two-prong statutory fee-waiver test, as plaintiff has failed to adequately satisfy the public-interest prong of the test.

**c. News media exception.**

Plaintiff also contends that the OIP wrongfully denied plaintiff the "news media" exception under FIRA. This Circuit has defined a "representative of the news media" as "a person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." National Sec. Archive, 880 F.2d at 1387; Judicial Watch, Inc. v. U.S. Dept. of Justice, 122 F. Supp. 2d at 20. "Merely making information available to the public does not transform a requester into a representative of the news media." Judicial Watch, Inc. v. U. S. Dept. of Justice, 122 F. Supp. 2d at 20. In fact, to warrant a fee-waiver, this Circuit has required a "firm intention" to use the requested information to publish a particular document or media broadcast. National Sec. Archive, 880 F.2d at 1386; Judicial Watch, Inc. v. U.S. Dept. of Justice, 122 F. Supp. 2d at 21.

AO 72A
(Rev 8/82)

Judicial Watch, Inc. defines itself as "a non-profit, non-partisan, tax-exempt 501(c)(3) organization which as a public interest law firm specializes in deterring, monitoring, uncovering, and addressing public corruption in government" not as "an entity that is organized and operated to publish or broadcast news." Id. at 21.  Additionally, plaintiff represents that it "intends to publish similar works [to a previously produced Filegate Status Report] in the future, using information gleaned from requests like the one at issue here." Pl's Opp. to Def. OIP's Motion for Summary Judgment at 9.  This vague intention to use the information is not specific enough to establish the necessary firm intent to publish that is required to qualify as a representative of the news media.  See Judicial Watch, Inc. v. U.S. Dept. of Justice, 122 F. Supp. 2d at 20-21.  Therefore, this Court will deny plaintiff's request for a fee-waiver without prejudice.  Plaintiff may refile this request if it develops additional, more concrete evidence that it should qualify for such a fee-waiver in this case.

## IV. CONCLUSION

For the reasons stated above, defendant EOUSA's Motion for Summary Judgment is denied.  In addition, defendant OIP/DOJ's Motion for Summary Judgment is granted with respect to the adequacy of the search and production of responsive documents and denied with respect to the fee-waiver issue.  Plaintiffs' claims regarding EOUSA's withholdings under FOIA

AO 72A
(Rev 8/82)

exemptions 6 and 7(C) and plaintiff's fee-waiver claim against OIP/DOJ are dismissed without prejudice.[3] An order will accompany this Opinion.

February  /2 , 2001

_____
Thomas F. Hogan
United States District Judge

---

[3]  The FBI is thus the only remaining defendant in this case.